UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEVIN JEROME HILL, | ) | CASE NO. CV 14-1189 JVS (RZ) |
| Petitioner, | ) | |
| vs. | ) | ORDER TO SHOW CAUSE RE UNTIMELINESS AND JURISDICTION |
| AMY MILLER, Warden, | ) | |
| Respondent. | ) | |

The Court issues this Order To Show Cause directed to Petitioner because it appears that (1) both claims in this habeas action are untimely and (2) the first claim is barred as an unauthorized successive challenge to his 2006 sentence.

## I. POSSIBLE UNTIMELINESS

**A.   Applicable Law**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1), but for convictions that became final before AEDPA took effect, the

limitation period begins with AEDPA's effective date of April 24, 1996. *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir. 1999).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the statute also is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 648, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010).

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001).

**B.     Procedural History**

Petitioner indicates that he signed the current petition on February 3, 2014. From the face of the petition and from judicially-noticeable materials, the Court discerns as follows:

(a) In 1991 – in the case to which the Court hereafter refers as *Hill I* to distinguish it from later criminal cases – Petitioner entered a negotiated plea of guilty to charges of robbery, attempted robbery, attempted murder and a firearm-use enhancement. He was sentenced to 20 years in prison. *See* Pet. ¶ 2. He asserts here that his plea bargain included the following special term. Although he had committed multiple crimes, the crimes would count as only one prior conviction, for sentence enhancing purposes, if Petitioner were to offend again.

(b) He did. In 2006, Petitioner was convicted in Los Angeles County Superior Court of robbery with use of a firearm and being a felon in possession of a firearm. Based in part on his prior convictions, he was sentenced to 45 years to life in prison. *See* Pet. in *Hill v. Smalls,* No. CV 10-3957 (hereafter *Hill III*, with a short-lived 2009 case serving as *Hill II*), ¶ 2; Clerk's Transcript in *Hill III* at 127-28. One of Petitioner's two current claims is that the 2006 "Third Strike" sentence violated his 1991 plea agreement, in that the judge in 2006 construed the 1991 case as supplying

|   |   |   |
|---|---|---|
| 1 |   | *multiple* sentence-enhancing "strikes" rather than just one.  But as noted below, |
| 2 |   | Petitioner did not assert such a claim in the trial court or elsewhere until 2013. |
| 3 | (c) | The California Court of Appeal affirmed the 2006 conviction, and on July 9, 2008, |
| 4 |   | the California Supreme Court denied further direct review.  *See Hill III* Pet. ¶¶ 3-4. |
| 5 |   | Petitioner does not appear to have sought *certiorari* in the United States Supreme |
| 6 |   | Court.  His 2006 conviction therefore became final after October 8, 2008, when the |
| 7 |   | high court's 90-day deadline for seeking *certiorari* expired.  *See* SUP. CT. R. 13.1. |
| 8 |   | His one-year limitations period for filing in this Court began to run on that date. |
| 9 | (d) | One week later on October 15, 2008, Petitioner tolled the statute of limitations by |
| 10 |   | filing the first of three unsuccessful state habeas petitions.  *See Hill III* Pet. ¶ 6(a)(5). |
| 11 |   | The California Supreme Court denied his third petition on June 10, 2009.  *Id*. |
| 12 |   | ¶ 6(c)(5).  Petitioner's limitations period began to run again thereafter with 358 days |
| 13 |   | remaining.  Unless he tolled the statute again, his limitations period expired 51 |
| 14 |   | weeks later, after Friday, June 4, 2010. |
| 15 | (e) | On July 2, 2009, Petitioner filed a habeas action in this Court, which dismissed the |
| 16 |   | case as unexhausted on May 4, 2010.  *See* docket in case no. CV 09-4779 JVS (RZ) |
| 17 |   | (*Hill II*). |
| 18 | (f) | Twenty-two days later on May 26, 2010, Petitioner filed another habeas action in |
| 19 |   | this Court, *Hill III*.  (Neither of the prior federal petitions, *Hill II* and *Hill III*, tolled |
| 20 |   | Petitioner's AEDPA limitations period.  *Duncan v. Walker,* 533 U.S. 167, 181-82, |
| 21 |   | 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001).)  The Court discussed his dozens of |
| 22 |   | claims at length – although his current excessively-enhanced-sentence claim was not |
| 23 |   | among them – before dismissing the action with prejudice on January 17, 2012. |
| 24 | (g) | On June 7, 2012, Petitioner filed a habeas petition in the California Court of Appeal, |
| 25 |   | which denied relief on July 11, 2012.  *See* docket in *In re Hill*, Cal. Ct. App. (2d |
| 26 |   | Dist.) case no. B241699.  The California Supreme Court denied a petition for review |
| 27 |   | of the foregoing ruling on September 12, 2012 in case number S204267.  (Petitioner |
| 28 |   | does not mention the 2012 state petition in his current pleading.) |

1  (h)  Six months passed.  On March 29, 2013, Petitioner began another series of three or four additional and unsuccessful state habeas petitions, in the trial court, the California Court of Appeal and the California Supreme Court, albeit not in that order.  *See* Pet. ¶ 6.

### C. Discussion

Both of Petitioner's two claims appear to be untimely, to different degrees.

### Claim 1.

Claim 1 is that Petitioner's 2006 sentence violated his 1991 plea bargain. *See* Pet. at 6-11.  But Petitioner was immediately aware, in 2006, of the factual basis for that claim.  Claim 1 thus appears to have become stale in June of 2010.  Petitioner's commencement of state habeas proceedings thereafter cannot rejuvenate his stale claims. *See Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).

### Claim 2.

Claim 2 is that Petitioner's counsel in 1991 was prejudicially ineffective.  In essence, Petitioner argues that the attorney advised Petitioner to plead guilty instead of advancing to trial.  Petitioner explains that he now realizes that, had he understood the law properly, he would have realized that he could not have been convicted of some or all of the crimes to which he pleaded guilty.  This claim is even more stale than Claim 1. Petitioner was aware in 1991 of the factual bases for this claim.  His tardiness is not excused by his possible unawareness, for two decades, of the *legal* underpinnings of the claim.  Petitioner's limitations period for this pre-AEDPA claim began running in April 1996 and expired in April 1997.

///
///
///

## II. CLAIM ONE APPEARS TO BE
## AN UNAUTHORIZED SUCCESSIVE CLAIM

As noted above, in Claim 1, Petitioner argues that his 2006 sentence was excessively enhanced in violation of his 1991 plea bargain. Because the Court denied Petitioner's prior habeas challenge to his 2006 conviction, and because he lacks authorization from the Court of Appeals to file another, the Court appears to lack jurisdiction to entertain Claim 1, whether or not that claim is timely.

**A.      Applicable Law**

Section 2244 of Title 28, part of the Antiterrorism and Effective Death Penalty Act, requires that the district court dismiss most successive habeas corpus petitions:

> (b)(1)   A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
>   (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>   (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>   (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for

        constitutional error, no reasonable factfinder would have found
the applicant guilty of the underlying offense.

        (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

. . .

In *Felker v. Turpin*, 518 U.S. 651, 656-57, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996), the Supreme Court noted that this statute transferred the screening function for successive petitions from the district court to the court of appeals. This provision has been held to be jurisdictional; the district court cannot entertain a successive petition without prior approval from the Court of Appeals. *Cooper v. Calderon,* 274 F.3d 1270, 1274 (9th Cir. 2001)*; see also Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). The district court therefore either must dismiss a successive petition for lack of jurisdiction, or it may transfer the action, in the interest of justice, to the court where the action properly could have been brought. 28 U.S.C. § 1631; *Pratt*, 129 F.3d at 57.

### B. Discussion

        Petitioner seeks to circumvent the bar on successive petitions by labeling his challenge as one targeting his 1991 conviction, not his 2006 sentence. *See* Pet. ¶ 2(d) (specifying 1991 conviction as the one "on which the petition is based"). But Petitioner does not challenge the fact or duration of his confinement for the 1991 conviction. What aggrieves him is the excessive enhancement of his sentence for the 2006 crimes. As he states in his brief, "Because the *2006 sentence* violated the 1991 plea agreement," he is entitled to relief. Pet. at 10 (emphasis added). Perhaps this is why the Ninth Circuit used

the following cautious wording in ruling, on January 24, 2014, on Petitioner's request (in the appellate court's case number 13-72502) for leave to file a second petition here:

> The application for authorization to file a second or successive 28 U.S.C. § 2254 habeas corpus petition in the district court is denied as unnecessary *to the extent petitioner is challenging his 1991 convictions* because the record suggests he has not filed a prior habeas petition in the district court regarding those convictions.
>
> The remainder of the application . . . is denied. Petitioner has not made a prima facie showing under 28 U.S.C. § 2244(b)(2) . . . .
>
> . . .
>
> If petitioner files a habeas petition in the district court challenging his 1991 convictions, petitioner shall provide the district court with a copy of this order.

Ord. of Jan. 24, 2014 (emphasis added). The italicized portion of the order strongly suggests that Petitioner's artistry in labeling did not deceive the Court of Appeals. The "extent" to which Petitioner truly "is challenging his 1991 convictions," rather than his 2006 sentence, is nil for Claim 1. (He clearly does challenge the older convictions in Claim 2.)

Petitioner primarily relies on *Davis v. Woodford*, 446 F.3d 957 (9th Cir. 2006), but that case does not help him. Stafford Davis had pleaded guilty to eight robberies in 1986. As in Petitioner's 1991 plea bargain, one part of Davis's plea deal specified that the 1986 conviction(s) would only count as *one* prior offense for purposes of enhancing the sentence for any crimes Davis might commit thereafter. In 2000, Davis was convicted of new felonies and, like Petitioner, was sentenced as a "*Third* Striker" by a trial judge who counted the 1986 conviction as multiple "strikes" rather than just one. This Court denied habeas relief, but, on this issue, the Ninth Circuit reversed. The appellate court remanded

*for resentencing on the 2000 conviction* so that Petitioner could obtain the benefit of his 1986 plea bargain. But the *Davis* court did *not* overturn the 1986 conviction as invalid – nor, apparently, did Stafford Davis even purport to target the 1986 convictions. Instead, Davis appears to have straightforwardly challenged his 2000 sentence. Petitioner, in contrast, pointedly labels his current action as a challenge to his 1991 conviction – perhaps because he knew he has already litigated a habeas challenge to his 2006 conviction and was unlikely to win authorization for a second such challenge. The bottom line is that Claim 1 appears to present an unauthorized successive habeas challenge to the 2006 judgment.

### III. CONCLUSION

For the foregoing reasons, the Court ORDERS Petitioner TO SHOW CAUSE in writing why this action should not be dismissed as being barred, in whole or in part, (1) by the statute of limitations and/or (2), as to Claim 1, as an unauthorized successive challenge to the already-challenged 2006 Judgment. Petitioner shall file his response not later than 30 days from the filing date of this Order.

If Petitioner does not file a response within the time allowed, the action may be dismissed for the reasons discussed above and/or for failure to prosecute.

DATED: February 25, 2014

                                  RALPH ZAREFSKY
                         UNITED STATES DISTRICT JUDGE